The Commonwealth *ex relatione* RUFF and FISHER *against* the Commissioners of Philadelphia County.

*Philadelphia.*

MANDAMUS.

*Monday,*
December 29.

*R. Peters,* jun. for the relator.

*J. Reed,* contra.

Under the act of 13th March, 1815, the county commissioners were authorised to repair the rooms of the Supreme

The opinion of the Court was delivered by

TILGHMAN C. J. The relators were employed by the late commissioners of the county of *Philadelphia*, to do sundry works in the repair of the state-house. Part of this work was done in the rooms occupied by the Supreme and District Courts, and the rest, about other parts of the building. There is no question but the work has been honestly done. But the auditors of the county of *Philadelphia* entertain doubts whether the county is properly chargeable with these repairs. For the understanding of the matter, it will be necessary to state how the repairs came to be made. The state-house formerly belonged to the Commonwealth, and, by permission of the Governor, the Supreme Court, and the District Court were held in two of the lower rooms. By the act of 13th *March,* 1815, the county commissioners were authorised, and directed to take charge of the whole building, and let it on rent, giving a preference of the upper part, with the use, in common, of the entry and staircase, to the proprietor of the Museum, at the rate of 400 dollars a year. The commissioners were authorised to lay out the rents in repairs and improvements of the house, provided that the expenses should not exceed the amount of the rents. It was also provided *that nothing in the act should be construed in any wise to prevent the Judges of the Supreme and District Courts from holding their several Courts in the state-house as they had theretofore*

and District Courts, and to make repairs in other parts of the state house, necessary to make these rooms safe and convenient, at the expense of the county, notwithstanding by so doing the expense of repairing the state house exceeded the amount of the rents.

1817.

The Commonwealth
ex rel.
RUFF and
FISHER
v.
The Commissioners of
Philadelphia
County.

*done*. It was found, on examination, that the building was very much out of repair, and that, in order to make the court rooms safe and convenient, it would be necessary to repair other parts of the house. Repairs were accordingly made, to an amount far exceeding the rents, and afterwards the state-house with the adjacent vacant square, was sold by the Commonwealth to the corporation of the city of *Philadelphia*. The proviso, in the act of *March*, 1815, protected the Commonwealth from any expense in repairs beyond the amount of the rents, and that, I take it, was the sole intent of the proviso ; for it never could have been intended to prevent such expenses as the county might be willing to incur for the accommodations of the Court of Justice. The county must provide for its Courts, and the commissioners are the organ through which it acts. They are chosen by the people of the county. They are the representatives of the people of the county, and those persons who undertake, at their request, to do any work, or furnish materials for work, concerning objects within the charge of the commissioners, trust to the faith of the county, and have a right to look to the county treasury for payment. If, indeed, the commissioners should employ people in works on their own private accounts, or works notoriously out of the sphere of their public duty, the county would not be answerable. But this was not the case with the relators. Their work was directly within the Court-rooms, or other parts of the building which bore some relation to those rooms ; and when the commissioners directed them where to make the repairs, they were not to scrutinize whether the work could or could not by any possibility be of service to the Courts. The sale of the state-house to the city makes no difference as to the claim of the relators. The Courts still occupy the same rooms : and, although the property is in the city, yet it is not to be conceived that in the contract to be made between the corporation and the commissioners, for the accommodation of the Courts, regard should not be had to the expenses incurred in repairs. It will be much cheaper for the county to rent these rooms than to erect new buildings for the Courts. So that the expenses will not be thrown away. I am supposing now, that the title is completely in the city, merely in order to express my opinion, that, at all events, the relators should be paid from the county treasury. But it will be understood, that if the county

has any claim to the court-rooms, by virtue of any act of assembly, or otherwise, it is a question which I have never considered, and, therefore, intimate no manner of opinion on it.

On the whole, I am of opinion that the commissioners have not shewn good cause against the mandamus, and, therefore, the rule should be made absolute.

Rule absolute.